# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

GUYAN INTERNATIONAL, INC.
D/B/A PERMCO,

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:10-1244

TRAVELERS CASUALTY AND
SURETY COMPANY

                Defendant.

## MEMORANDUM OPINION AND ORDER

This case is a declaratory judgment action against Plaintiff's insurer for coverage under an insurance policy arising from theft of hundreds of thousands of dollars from the Plaintiff's Employee Benefit Plan by Professional Benefits Administrators, Inc ("PBA"). Plaintiff is pursuing claims against PBA in separate litigation in Ohio. The Court resolved the majority of the coverage issues in this case in its Memorandum Opinion and Order Denying Travelers Motion for Summary Judgment (ECF No. 111), and Travelers recently conceded that a timely claim was made, leaving the amount and availability of certain types of damages as the only remaining issues. At the pre-trial conference held on June 25, 2012, it became apparent that it is necessary for the Court to resolve a disputed choice of law issue in this case. Specifically, the Court must decide whether West Virginia or Ohio law will govern the insurance contract at the center of this case, a decision which will affect the availability of certain types of damages, including attorneys' fees. Having ordered additional briefing on the issue, the matter is now ripe for decision.

**DISCUSSION**

Plaintiff makes two arguments for the application of West Virginia law that the Court will address in turn. First, Plaintiff contends that West Virginia is the *locus contractus* and that its law applies in the first instance. In the alternative, Plaintiff argues that application of Ohio law is contrary to West Virginia public policy because it would not permit recovery of, among other things, costs and attorney fees, commonly referred to as "*Hayseeds* damages."[1]

**A. Choice of Law**

Because this Court sits in West Virginia and its jurisdiction is based upon diversity of citizenship, West Virginia choice of law rules apply. *Klaxon Co. v. Stento Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "When determining rights and duties under a contract, such as the contractual duty to pay attorney fees, costs and expenses, West Virginia applies the rule of *lex loci contractus*, or 'the law of the state where a contract is made and is to be performed.'" *Arch Specialty Ins. Co. v. Go-Mart, Inc*, 2009 WL 5214916 (S.D.W. Va. December 28, 2009) (Copenhaver, J.) (*citing Gabler v. Nationwide Ins. Cos.*, 866 F.2d 1415, 1 (4th Cir. 1989) (per curiam). The Supreme Court of West Virginia has consistently looked to the *Restatement (Second) of Conflicts* to determine which state's substantive law applies to the interpretation of insurance contracts. *Martin v. John Hancock Mutual Life Ins. Co.*, 56 F.Supp.2d 670, 672 *(S.D.W. Va. 1999)* (citing *Nadler v. Liberty Mut. Fire Ins. Co.*, 424 S.E.2d 256 (W.Va. 1992); *Joy Technologies Inc. v. Liberty Mut. Ins. Co.*, 421 S.E.2d 493 (W.Va. 1992); *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 390 S.E.2d 562 (W.Va. 1990).

---

[1] *Hayseeds* recognized that an insured who substantially prevails in an action to recover a property damage claim against his insurer is entitled to attorney fees and other compensatory damages including, in some cases, punitive damages. *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986).

Typically, when an insurance contract is involved, unless there is a specific choice-of-law provision, the law of the place of the insured risk will apply. *See Restatement (Second) of Conflicts* §§ 187–88, 193. Here, there is no choice of law provision in either contract and, after applying the factors in §188 of the Restatement, the Court concludes that Ohio has the most significant relationship to the transaction. Guyan's principal place of business is in Ohio, and the vast majority of its employees reside there. The Claim Admnistrator, PBA, is an Ohio corporation. PBA's alleged theft took place in Ohio. Guyan procured the policy in question in order to insure against losses to the plan administered by PBA, and the majority of the medical providers reside in Ohio. Ohio is thus both the location of the insured risk as well as the state with the most significant relationship to the contract.

### B. West Virginia Public Policy

In the alternative, Plaintiffs argue that application of Ohio law would violate West Virginia public policy. The West Virginia Supreme Court has long recognized that "comity does not require the application of the substantive law of a foreign state when that law contravenes the public policy of this State." *Paul v. National Life*, 352 S.E.2d 550 (W. Va 1986). However, "the mere fact that the substantive law of another jurisdiction differs from or is less favorable than the law of the forum state does not, by itself, demonstrate that application of the foreign law under recognized conflict of law principles is contrary to the public policy of the forum state." *Nadler v. Liberty Mut. Fire Ins. Co.*, 424 S.E.2d 256, Syl. Pt. 3 (W. Va. 1992). Courts in West Virginia should only refuse to apply foreign laws found to be "contrary to pure morals or abstract justice, or unless enforcement would be of evil example and harmful to its own people." *Id*. at 265 (internal citation omitted). This case involves sophisticated business entities, and nothing about the

3

*Hayseeds* decision suggests that it reflects a West Virginia public policy of sufficient import to disregard the otherwise applicable law of Ohio, the state of the insured risk and the state with the most significant relationship to the contract and to this case.

## CONCLUSION

In light of the foregoing, the Court **FINDS** that Ohio law provides the applicable rule of decision in this case and that the Plaintiffs cannot recover costs and attorney fees under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986). In light of this ruling, the Court **ORDERS** the parties to submit, no later than **Thursday, July 5, 2012,** a revised joint statement identifying each party's position with regard to the proper allocation of all remaining questions as between the Court and the jury. The revised statement will identify any changes to the Pretrial Order in light of this ruling. The Court will hold a telephone conference on **Friday, July 6, 2012, at 10:30 a.m.** to discuss the issues identified in the revised statement. The Court **DIRECTS** the Plaintiffs to make arrangements for the conference call. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 3, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

4